# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONELL WILLIAMS,** : | |
| **Plaintiff** : | |
| : | **No. 1:21-cv-114** |
| v. : | |
| : | **(Judge Rambo)** |
| **JOHN WETZEL,** *et al.*, : | |
| **Defendants** : | |

## MEMORANDUM

On January 21, 2021, *pro se* Plaintiff Ronell Williams ("Plaintiff"), who is currently incarcerated at the State Correctional Institution Fayette in LaBelle, Pennsylvania ("SCI Fayette"), initiated the above-captioned case by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants John Wetzel ("Wetzel"); C.O. John Doe 1; Superintendent Laurel Harry ("Harry"); John Doe 2, a dentist at SCI Camp Hill; Superintendent Mark Capozza ("Capozza"), and John Doe 3, a dentist at SCI Fayette.  (Doc. No. 1.)  Plaintiff has also filed a motion for leave to proceed *in forma pauperis*.  (Doc. No. 5.)  Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint.  For the reasons set forth below, the Court will grant Plaintiff's motion to proceed *in forma pauperis* and partially dismiss the complaint with leave to amend.

---

[1] *See* The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

I.   BACKGROUND

Plaintiff alleges that on December 18, 2019, he was transported from SCI Greene to SCI Camp Hill; Defendant John Doe 1 "was on duty as a transporter" during this time. (Doc. No. 1 ¶ 11.)  Once Plaintiff arrived at SCI Camp Hill, he was escorted into a holding cell, where all inmates were ordered to strip and face the wall. (*Id.* ¶¶ 13-14.)  Plaintiff avers that Defendant John Doe 1 "approached [him] from behind, grabbed [his] head[,] then banged [his] face against a wall, knocking out [his] front, left tooth in the process." (*Id.* ¶ 15.)  Plaintiff was bleeding from the mouth and requested medical care. (*Id.* ¶ 16.)  Defendant John Doe 1 denied him care and ordered him to give him the tooth. (*Id.*)  Plaintiff complied and Defendant John Doe 1 left with the tooth. (*Id.*)  Plaintiff "filed a medical request slip to receive medical care days later." (*Id.* ¶ 17.)  Plaintiff reported the assault to Defendant John Doe 2, and Defendant John Doe 2 "informed Plaintiff his medical needs would get resolved at the next prison." (*Id.* ¶ 18.)  Plaintiff avers that Defendant John Doe 2 failed to provide antibiotics, pain relief, and a replacement tooth. (*Id.*)  Security staff at SCI Camp Hill interviewed Plaintiff; soon after that, Plaintiff was transferred to SCI Fayette "with his medical issue unresolved." (*Id.* ¶ 19.)  Plaintiff avers that Defendant John Doe 3 also failed to provide antibiotics, pain relief, and a replacement tooth. (*Id.* ¶ 20.)  He maintains that "[o]nly after learning of Plaintiff's intention to file this complaint did Defendant Doe #3 beg[i]n the process of issuing

a replacement tooth." (*Id.* ¶ 21.)  Based on the foregoing, Plaintiff asserts violations of his Eighth and Fourteenth Amendment rights. (*Id.* ¶¶ 22-37.)  He seeks damages as well as declaratory and injunctive relief. (*Id.* ¶¶ 39-48.)

## II.     LEGAL STANDARDS

### A.     Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. *See* 28 U.S.C. § 1915A(b)(1).  District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted.").

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 381 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)). When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the

4

plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 679; *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted)).

### B. Claims Filed Pursuant to 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### III. DISCUSSION

#### A. Plaintiff's Complaint

##### 1. Claims Against Defendants Wetzel and Harry

Plaintiff suggests that Defendant Wetzel's "supervisory liability results from his failure to ensure Plaintiff's safety and medical rights due to the apparent lack of accountability in [the] DOC inmate transfer process." (Doc. No. 1 ¶ 28.) He avers that Defendant Wetzel's "acquiescence in overseeing DOC official conduct and operations created the unsafe conditions which violated Plaintiff's Eighth Amendment rights." (*Id.* ¶ 30.) Plaintiff argues that Defendant Harry violated his Eighth Amendment rights "when she acquiesced in her duty to oversee DOC officials and operations under her direct command at SCI Camp Hill." (*Id.* ¶ 32.) He avers that she authorized his transfer "with his medical needs unresolved and assault claim being conducted outside DOC procedure of DC-ADM 802 1-B-1-A." (*Id.*) Finally, Plaintiff suggests that Defendants Wetzel and Harry violated his Fourteenth Amendment rights by acquiescing in subordinates' violations of his equal protection rights. (*Id.* ¶ 37.)

It appears that Plaintiff seeks to proceed against Defendants Wetzel and Harry because of their supervisory positions. For a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights. *See Rode v.*

7

*Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Solan v. Ranck*, 326 F. App'x 97, 100 (3d Cir. 2009).  Therefore, supervisors cannot be liable under § 1983 on the traditional standard of *respondeat superior*.  *See Santiago*, 629 F.3d at 128.  Instead, there are two theories of supervisory liability that are applicable to § 1983 claims: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'"  *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

In the instant case, Plaintiff's complaint fails to set forth plausible supervisory liability claims against Defendants Wetzel and Harry.  He has pled no facts suggesting that they participated or had knowledge of and acquiesced in the alleged violation of his rights, and he has not identified any policy that allegedly caused the violation of his rights.  *See McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009).  Accordingly, Plaintiff's claims against Defendants Wetzel and Harry, as pled, are subject to dismissal at this time.

### 2. Claims Against Defendants John Does 1 and 2

#### a. Eighth Amendment

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners. There are several types of Eighth Amendment claims, including the denial of or inadequate access to medical care and the use of excessive force. An Eighth Amendment claim includes both objective and subjective components. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Serious hardship to the prisoner is required to satisfy the Eighth Amendment's objective component. *See id.* The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind." *Id.*

To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were sufficiently harmful to evidence deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003). The relevant inquiry is whether the defendant (1) was subjectively deliberately indifferent to (2) the plaintiff's objectively serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the Eighth Amendment test requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety." *See Farmer*, 511 U.S. at 837. Circumstantial evidence may establish subjective knowledge if it shows that the excessive risk was so obvious that the official must have known about it. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (citing *Farmer*, 511 U.S. at 842). The Third Circuit has found deliberate indifference when a prison official: (1) knows of a prisoner's need for medical treatment and intentionally refuses to provide it; (2) delays necessary medical treatment for a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

The Eighth Amendment's protection against cruel and unusual punishment is the "primary source of substantive protection in cases where a[] [convicted] inmate challenges a prison official's use of force as excessive and unjustified." *See Brooks v. Kyler*, 204 F.3d 102, 105 (3d Cir. 2000). The standard governing the Court's inquiry as to whether a plaintiff has a viable Eighth Amendment excessive force claim is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *See Giles v. Kearney*, 571 F.3d 318, 326 (3d Cir. 2009) (quoting *Whitley v. Albers*, 475

U.S. 312, 319 (1986)). In making this determination, courts are tasked with evaluating the following factors:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*Brooks*, 204 F.3d at 106 (quoting *Whitley*, 475 U.S. at 321).

In his complaint, Plaintiff avers that Defendant John Doe 1 used excessive force when Plaintiff was against the wall for a strip search by grabbing his head and slamming his face against the wall. (Doc. No. 1 ¶ 15.) Plaintiff also suggests that Defendants John Does 1 and 2 failed to provide any medical care for his missing tooth. (*Id.* ¶¶ 16-18.) In light of these allegations, the Court concludes that Plaintiff has set forth plausible Eighth Amendment claims regarding excessive force and the denial of medical care against Defendants John Does 1 and 2. Accordingly, Plaintiff will be permitted to proceed on these claims at this time.

### b. Fourteenth Amendment

Plaintiff avers that Defendant John Doe 1 violated his equal protection rights under the Fourteenth Amendment by assaulting him and denying him access to medical attention. (Doc. No. 1 ¶ 35.) Plaintiff suggests that Defendant John Doe 1 would have reported the assault and provided medical attention for "similarly situated inmates who suffered in the same manner not from Defendant Doe #1's

wrongful actions." (*Id.*)  Plaintiff maintains that Defendant John Doe 2 violated his equal protection rights as well.  (*Id.* ¶ 37.)

The Equal Protection Clause requires all persons "similarly situated" to be treated alike by state actors.  *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Traditionally, "[i]n order to establish a *prima facie* case of discrimination under the Equal Protection Clause, [plaintiffs] need[] to prove that they were members of a protected class [such as race or gender] and that they received different treatment than that received by similarly-situated individuals." *See Oliveira v. Twp. of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2002).  However, where a plaintiff alleges that he alone "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," he may raise a "class of one" equal protection claim.  *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 598 (2008).  To maintain such a claim, a plaintiff must establish that he has been irrationally singled out for disparate treatment.  *See id.*  "[A]t the very least, to state a claim under [a class of one theory], a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Mosca v. Cole*, 217 F. App'x 158, 164 (3d Cir. 2007). When alleging the existence of similarly situated individuals, plaintiffs "cannot use allegations . . . that amount to nothing more than 'conclusory, boilerplate language'

12

to show that he may be entitled to relief," and "bald assertion[s] that other[s] . . . were treated in a dissimilar manner" will not suffice. *See Young v. New Sewickley Twp.*, 160 F. App'x 263, 266 (3d Cir. 2005) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)).

Plaintiff's complaint, as pled, fails to set forth equal protection claims against Defendants John Does 1 and 2. Plaintiff has not pled any facts suggesting that Defendant John Does 1 and 2 intentionally treated him differently from other similarly situated inmates. Plaintiff's allegations, at this time, amount to nothing more than conclusory language and bald assertions. *See id.* The Court, therefore, will dismiss Plaintiff's Fourteenth Amendment equal protection claims against Defendants John Does 1 and 2.

### 3. Claims Against Defendants Capozza and John Doe 3

As noted above, Plaintiff also raises claims against Defendants Capozza and John Doe 3, asserting that they violated his Eighth and Fourteenth Amendment rights by failing to provide adequate medical treatment and failing to report the assault. Plaintiff's claims against Defendants Capozza and John Doe 3 concern events that occurred at SCI Fayette, in Fayette County, within the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c). Accordingly, because there is no apparent basis for venue for these claims in this district, and because Defendants Capozza and John Doe 3 are located there, the Court will transfer Plaintiff's claims against these

Defendants to the United States District Court for the Western District of Pennsylvania. *See* 28 U.S.C. § 1391(b) & 1406(a); *Lafferty v. St. Riel*, 495 F.3d 72, 74-75 & n.3 (3d Cir. 2007) (declining to disturb district court's *sua sponte* transfer under § 1406(a)); *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district court may *sua sponte* transfer case under § 1406(a)).

### B.     Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, it is neither clear that amendment would be futile, nor is there any basis to believe that amendment would be inequitable, with respect to Plaintiff's claims against Defendants Wetzel and Harry, as well as his Fourteenth Amendment equal protection claims against Defendants John Does 1 and 2. Accordingly, Plaintiff will be granted leave to file an amended complaint with respect to such claims. Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document. The amended complaint should set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of each defendant in the acts that he claims violated his rights. Mere conclusory allegations will not set forth a plausible claim. Plaintiff is advised that if he fails to file an amended complaint, the above-captioned case will proceed only as to his Eighth Amendment claims against Defendants John Does 1 and 2.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) and partially dismiss his complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's claims against Defendants Wetzel and Harry, and his Fourteenth Amendment equal protection claims against Defendants John Does 1 and 2, will be dismissed without prejudice to Plaintiff's right to file an amended complaint as set forth above.  If Plaintiff fails to file an amended complaint, the above-captioned case will proceed only as to his Eighth Amendment claims against Defendants John Does 1 and 2.  Plaintiff's claims against Defendants Capozza and John Doe 3 will be transferred to the United States District Court for the Western District of Pennsylvania.  An appropriate Order follows.

s/ Sylvia H. Rambo  
United States District Judge

Dated: January 28, 2021